NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS K. DAWES,<br><br>        Plaintiff,<br><br>v.<br><br>LOCAL 375, CIVIL SERVICE TECHNICAL GUILD, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, ALF-CIO,<br><br>        Defendants. | Civil Action No.: 04-4002 (JLL)<br><br><br><br>**O P I N I O N** |

**APPEARANCES:**

ANDREW W. DWYER
DWYER & DUNNIGAN LLC
17 ACADEMY STREET
SUITE 1010
NEWARK, NJ 07102
       (Attorney for Plaintiff)

JOSEPH J. VITALE
COHEN, WEISS AND SIMON
94 VALLEY ROAD
MONTCLAIR, NJ 07042
       (Attorney for Defendants)

**LINARES**, District Judge.

## INTRODUCTION

This matter comes before this Court on a Cross-Motion by Plaintiff Thomas K. Dawes for reconsideration of the Court's September 7, 2006 ruling on Defendants' Motion for Summary

Judgment.

This matter is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Cross-Motion for Reconsideration is DENIED.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in an earlier Opinion and Order of this Court entered on September 7, 2006, and will not be repeated here, except where necessary to provide context for the pending Cross-Motion for Reconsideration.

## LEGAL DISCUSSION

Local Civil Rule 7.1(i) provides, in relevant part:

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Plaintiff's Cross-Motion for Reconsideration was filed on October 31, 2006, well over ten days after entry of this Court's September 7, 2006 Order. As such, Plaintiff's Cross-Motion for Reconsideration is deemed untimely, and is hereby denied.[1]

---

[1] The Court, therefore, need not reach the merits of Plaintiff's request for reconsideration. To the extent that the Court should reach the merits of Plaintiff's request, the Court finds that reconsideration is not warranted in this case.

Plaintiff raises his Cross-Motion for Reconsideration on the ground that he has obtained "newly discovered evidence" which allegedly indicates that the representations made by the General Counsel for Defendant American Federation of State, County and Municipal Employees ("AFSCME") in a Declaration presented to and relied upon by the Court, were false, thereby calling the Court's September 7, 2006 Opinion and Order into question. The "newly discovered

An appropriate order accompanies this Opinion.

      /s/ Jose L. Linares

DATED: November 2, 2006                    JOSE L. LINARES,
                                                     UNITED STATES DISTRICT JUDGE

---

evidence" presented now by Plaintiff is a 1998 decision rendered by the AFSCME Judicial Panel. Notably, however, Plaintiff provides no reason why this "newly discovered" 1998 decision was unavailable prior to this Court's September 7, 2006 decision.  See Sanders v. Trinitas Hosp., 2005 U.S. Dist. LEXIS 18985, *8 (D.N.J. Aug. 24, 2005) ("There is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard and the Court may, in its discretion, refuse to consider such evidence."); Lentz v. Mason, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (denying motion for reconsideration based on newly discovered evidence where moving party did "not provide any reason for their failure to discover this information earlier and to include it in their memorandum in opposition" to the original motion).  Nowhere in the Cross-Motion for Reconsideration does Plaintiff explain why this "newly discovered" 1998 decision rendered by the AFSCME Judicial Panel was not available or discoverable at the time of the original motion.   Accordingly, Plaintiff is not entitled to reconsideration on this ground.