**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS K. DAWES,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 375, CIVIL SERVICE TECHNICAL GUILD, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, ALF-CIO,<br><br>Defendants. | Civil Action No.: 04-4002 (JLL)<br><br>**O P I N I O N** |

**APPEARANCES:**

ANDREW W. DWYER
DWYER & DUNNIGAN LLC
17 ACADEMY STREET
SUITE 1010
NEWARK, NJ 07102
(Attorney for Plaintiff)

JOSEPH J. VITALE
COHEN, WEISS AND SIMON
94 VALLEY ROAD
MONTCLAIR, NJ 07042
(Attorney for Defendants)

**LINARES**, District Judge.

**INTRODUCTION**

This matter comes before this Court on a motion by Defendant American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") for leave to file a Renewed

Motion for Summary Judgment.

This Court considered submissions in support and opposition of the motion. This matter is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' Motion for Leave to File a Renewed Motion for Summary Judgment is DENIED.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

A detailed factual background of this case is set forth in an earlier Opinion and Order of this Court entered on September 7, 2006, and will not be repeated here, except where necessary to provide context for the pending Motion for Leave to File a Renewed Motion for Summary Judgment.

**LEGAL DISCUSSION**

Defendant's request for leave to file a "renewed" Motion for Summary Judgment is based upon the notion that this Court advanced a new theory in its September 7, 2006 Opinion – "one that Dawes had not asserted" – regarding AFSCME's investigation of the "charges" brought against Plaintiff, and a duty that may have arisen as a result of said investigation. (Def. Mot. at 2). As such, Defendant argues that "AFSCME is prepared to show that there is no dispute that the investigation conducted by International [i.e., AFSCME] concerned a different issue than whether Local 375 had filed 'charges' against Dawes." (Id.).

After considering Defendant's request, the Court finds that Defendant has provided no legal authority warranting this Court's consideration of a "renewed" Motion for Summary Judgment. Rather, Defendant essentially asks this Court for a second opportunity to argue issues that were already presented to and considered by the Court in its September 7, 2006 Opinion. As

such, Defendant's request is hereby denied.[1]

An appropriate order accompanies this Opinion.

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

DATED: November 2, 2006

[1] To the extent that Defendant also asks this Court to reconsider its original Motion for Summary Judgment, any such request is also denied. This Court finds that all arguments now raised by Defendants were previously raised and already considered by this Court in deciding Defendants' original Motion for Summary Judgment. A motion for reconsideration may not be used to re-litigate old matters, or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Assets Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indust., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Rather, "the motion may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." Holten v. Chevron U.S.A., 2002 U.S. Dist. LEXIS 10151, at *4 (D.N.J. May 20, 2002) (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)). Furthermore, Defendant has failed to demonstrate that there has either been an intervening change in law or a controlling decision that this Court overlooked. Accordingly, Defendant is not entitled to reconsideration on this ground.